laGOTHARD, Judge.
Defendant, Hortensia Baudin, appeals a judgment of the trial court granting her husband’s petition for divorce. Mrs. Baudin argues that Mr. Baudin failed to prove that the couple had been living separate and apart continuously for six months as required under the law. We affirm.
The record shows that plaintiff, Lance Baudin, filed this action on July 27, 1993, based on LSA-C.C. art. 102 [1] In an amended petition filed on April 22, 1994 in accordance with LSA-C.C. art. 103(1)[2], the plain *1054 tiff alleged that the parties had been living separate and apart continuously since August 18, 1993.
I {¡Defendant filed answers to both the original and amended petitions denying those claims. The matter was tried before Judge Susan Chehardy on June 13, 1994. On July 13, 1994 a divorce judgment was rendered and signed by Judge Oser. Subsequently, the defendant filed a motion for new trial which asserted that a judgment in a contested matter could not be signed by a judge other than the one who presided over the trial, and that the evidence was insufficient to prove the parties lived separate and apart for six months.
Judge Chehardy rendered a new judgment of divorce on September 13, 1994 accompanied by written reasons for judgment dated September 1, 1994. The defendant filed a second motion for new trial based on insufficiency of evidence in response to the September 13, 1994 judgment, which was denied on October 24, 1994. This appeal was taken from the September 13, 1994 judgment.[3]
The issue presented for our review in this matter is whether there is sufficient evidence to grant a judgment of divorce based on the ground that the parties have been living separate and apart for six months. At the hearing on June 13, 1994 plaintiff, Lance Baudin, testified that he and his wife had been living separate and apart since August 17,1993, and had not reconciled since that date.
Mr. Baudin testified that he lived alone in the matrimonial domicile on Bamboo Street in Jefferson Parish, Louisiana. He explained that his wife spent Umuch of her time in Panama. On her occasional visits to Louisiana, Mr. Baudin left the family home and stayed elsewhere, allowing his wife to have sole use of the home for the duration of her visits.
Mr. Baudin also presented evidence from Earlene Leo, who testified that she had known Mr. Baudin since February, 1993. She identified herself as his “girlfriend”, and stated that she saw him about four times a week. She further testified that Mr. Baudin has not lived with his wife since August of 1993.
Mrs. Baudin disputed that testimony. She stated that she was employed as a school teacher in the Panama Canal Zone for two years. She testified that she took the job with her husband’s knowledge and approval. She further testified that, on her visits home, she and her husband lived together in the matrimonial domicile. She also testified that they had sexual relations in December, 1993 during a stay at their daughter’s home in Texas.
The trial court ruled in favor of the plaintiff on the basis of credibility. The trial court’s assessment of the facts is based upon its direct observations of the witnesses and is substantiated by a reading of the record. We are precluded from setting aside a trial court’s findings of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no reason to overturn the trial court in this ruling. Consequently, the trial court’s judgment is affirmed.
AFFIRMED.

. A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition.
The motion shall be a rule to show cause filed after the one hundred eighty days have elapsed.

. A divorce shall be granted on the petition of a spouse upon proof that: (1) The spouses have *1054 been living separate and apart continuously for a period of six months or more on the date the petition is filed.

. A subsequent judgment rendered on October 10, 1994 in part changes the effective date of the divorce to September 1, 1994, presumably to coincide with the date of the written reasons for judgment. Because the motion for new trial which prompted the October 10, 1994 judgment was in response to the July 13, 1994 judgment and NOT the September 13, 1994 judgment, that portion of the judgment altering the effective date is an impermissible amendment to the September 13, 1994 judgment and is invalid. LSA-C.C.P. art. 1951.